# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

IVAN JOHNSON,

        Petitioner,

v.                                                    Case No. 09-CV-694

MICHAEL THURMER,
Warden Waupun Correctional Institution,

        Respondent.

# ORDER

On July 15, 2009, petitioner Ivan Johnson ("Johnson") filed a Petition for Writ of Habeas Corpus (Docket #1) pursuant to 28 U.S.C. § 2254. He asserts five grounds for relief. Johnson's conviction arose from an armed robbery and shooting in Mequon, Wisconsin. He was convicted at a bench trial of felony murder as party to the crime. Johnson waived his right to a jury trial, and was identified as a participant by four witnesses: one of the victims of the robbery, a co-actor, a witness to the planning of the robbery, and a jailhouse informant. After conviction, Johnson took a direct appeal to the Wisconsin Court of Appeals which proceeded under the no-merit process addressed in Wisconsin Statutes § 809.32. On June 21, 2006, the appellate court affirmed the conviction. The Wisconsin Supreme Court then denied Johnson's petition for review. Afterward, Johnson moved for postconviction relief under Wisconsin Statutes § 974.06. The circuit court denied the motion, and the

denial was affirmed by the court of appeals. Finally, the supreme court denied Johnson's petition for review.

## LEGAL STANDARD

A court may only grant relief under 28 U.S.C. § 2254 where a petitioner is held in custody in violation of the Constitution or United States law or treaty. 28 U.S.C. § 2254(a). If "any claim" put forth by the petitioner has been "adjudicated on the merits" in state court, a federal court may only grant relief if the decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d). The last state court decision on the merits is considered the relevant decision to review. *Charlton v. Davis*, 439 F.3d 369, 374 (7th Cir. 2006). Where a state court has not ruled on the merits, the standard contained in 28 U.S.C. § 2243 applies instead. *Braun v. Powell*, 227 F.3d 908, 917 (7th Cir. 2000). In that case, the court must determine the facts "and dispose of the matter as law and justice requires." 28 U.S.C. § 2243.

A state court decision is contrary to federal law where it applies a rule contradicting governing law set out by the Supreme Court or reaches a different result in a case with materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An unreasonable application of federal law is one where the state court correctly identifies the legal rule but unreasonably applies it to the facts.

*Id.* at 407. Unreasonable application includes unreasonably extending a legal principle to a new context where it does not apply, or unreasonably refusing to extend such where it should apply. *Id.* An incorrect decision is not necessarily an unreasonable one, and thus a federal court may not substitute its independent judgment to correct an erroneous, but reasonable decision. *See id.* at 410-11; *see also Washington v. Smith*, 219 F.3d 620, 628 (7th Cir. 2000). A decision "minimally consistent with the facts and circumstances" is reasonable, but one "lying well outside the boundaries of permissible differences of opinion" is not. *Conner v. McBride*, 375 F.3d 643, 649 (7th Cir. 2004). As to factual determinations, state court findings are presumed correct and the petitioner must demonstrate unreasonableness by clear and convincing evidence. *Id.*; 28 U.S.C. § 2254(e)(1).

## ANALYSIS

Johnson's five stated grounds for relief are as follows: (1) his trial counsel's failure to address Fourth Amendment violations resulted in ineffective assistance of counsel; (2) the conviction was obtained through use of perjured testimony; (3) the petitioner's Miranda rights were violated; (4) his waiver of the right to a jury trial was unknowing, unintelligent and involuntary; and (5) ineffective assistance of counsel for trial attorney's failure to challenge identification of the petitioner. Because the court finds no ground sufficient for relief, the court will deny Johnson's petition.

## I. INEFFECTIVE ASSISTANCE FOR FAILURE TO ADDRESS SUPPRESSION

Johnson's first claim is that his trial counsel failed to file a pretrial motion to suppress evidence or to dismiss the case for lack of probable cause to arrest or lack of probable cause to bind over for trial. (Pet'r's Br. in Supp. 1) (Docket #2). Johnson disputes that he ever gave police a confession and that counsel failed to file a motion to suppress his inculpatory statement. Johnson also argues that probable cause to arrest and to bind over for trial was based on the alleged confession. He claims that any such confession occurred after arrest and thus could not support probable cause for the arrest, and that there were no other facts to support probable cause to arrest. In turn, Johnson says he brought this to trial counsel's attention, but no action was taken.

The standard for showing ineffective assistance of counsel contains two prongs: (1) the representation falls below an "objective standard of reasonableness"; and (2) there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). The appellate court which decided the no-merit appeal correctly identified this standard. (Resp't's Answer Ex. G, at 5) (Docket #13). Further, this court is unaware of a materially indistinguishable case with a different outcome. Thus, the appellate court's resolution was not contrary to federal law. In its decision, the appellate court found that the trial counsel's conduct did not satisfy the second prong of the *Strickland* test because any information which

would have been brought forward at a suppression hearing did, in fact, come before the circuit court at trial, and was properly considered. (Resp't's Answer Ex. G, at 7-8). This is not an unreasonable application of the *Strickland* rule to the facts. Therefore, because the appellate court's decision was not contrary to, or an unreasonable application of federal law, this court must deny relief on the suppression ground.

Unlike Johnson's claim for ineffective assistance related to moving for suppression, the appellate court did not actually review the ineffective assistance claim as related to probable cause. Rather, the court discussed only whether probable cause existed to arrest Johnson, determining that it did. *Id.* at 4-5. Consequently, this court's review of the issue falls outside of § 2254(d), and the claim will instead be disposed of "as law and justice requires." However, because this court agrees that probable cause to arrest existed because of two separate identifying statements, *id.*, *Strickland*'s second prong is once again unsatisfied. The same holds true with regard to probable cause to bind Johnson over for trial. While not directly reviewed by the appellate court, this court finds that there was sufficient evidence, in the form of identifying statements, *id.*, to otherwise bind Johnson over, and thus the prejudice prong of *Strickland* is lacking. Therefore, this court will deny Johnson relief on his first ground.

## II. CONVICTION OBTAINED THROUGH PERJURED TESTIMONY

Johnson's next ground involves two issues: his general objection to use of allegedly perjured testimony; and failure of the trial court to hold an evidentiary hearing. (Pet'r's Br. in Supp. 6-7). Neither ground succeeds.

### A. Objection to Use of Testimony

Johnson again points to the allegedly false testimony of the officer who related his confession, arguing that it was deliberate deception and caused a structural defect in the proceeding. However, the appellate court determined that the issue regarding the existence of a written statement was properly explored at trial and that no perjury occurred. (Resp't's Answer Ex. G, at 8). Johnson has not shown this factual determination was unreasonable by clear and convincing evidence. Beyond his argument as to the officer's assertions regarding written statements, Johnson makes no more than bare claims of fabrication as to the confession. But the trial court heard the officer's testimony regarding the confession, as well as Johnson's testimony denying that he made a confession. (Resp't's Answer Ex. V, at 161-75; Ex. W, at 92-93, 99-100). Because the trial court found Johnson guilty, (Resp't's Answer Ex. X, at 15-18), it made a finding that Johnson's testimony denying involvement and denying having made a confession was not credible. Again, Johnson has not offered clear and convincing evidence that this finding was unreasonable. As such, this ground does not afford Johnson a basis for relief.

### B. Evidentiary Hearing

Johnson also alleges that the state courts improperly failed to hold an evidentiary hearing on the issue, and simultaneously asks this court to hold such a hearing. (Pet'r's Br. in Supp. 7). However, Johnson does not identify any federal law under which the state courts should have held a hearing. Further, a federal evidentiary hearing may only occur where the factual basis was not developed in state court and the claim relies on a new, retroactive rule or an undiscovered factual predicate, and the facts underlying the claim are sufficient to establish by clear and convincing evidence that no reasonable fact finder would have come to a guilty verdict. 28 U.S.C. § 2254(e)(2). Johnson does not establish that the claim relies upon a new rule or factual predicate. He also does not establish that he would be found innocent absent the alleged perjury. The trial court had sufficient alternative evidence on which to convict Johnson.[1] Therefore, state court failure to provide an evidentiary hearing is not grounds for relief, and a hearing in this court is not warranted. This court will deny relief on the second ground.

## III. VIOLATION OF MIRANDA RIGHTS

Johnson appears to make two arguments regarding an alleged failure to give Miranda warnings before his confession. He puts forth both an ineffective assistance of counsel argument, as well as simply claiming that the confession was

---

[1] *See* (Resp't's Answer Ex. G, at 2) (appellate court stating evidence: testimony of robbery victim, testimony of co-actor, testimony of witness to planning, testimony of inmate informant, and fingerprint).

involuntary, or that he at least should have received a hearing on voluntariness. (Pet'r's Br. in Supp. 9-11). To the extent Johnson argues ineffective assistance of counsel, the prior analysis regarding suppression applies here as well. The appellate court found the prejudice prong of *Strickland* unsatisfied based on the trial court's verdict after consideration of both Johnson's and the officer's testimony regarding the Miranda rights. (Resp't's Answer Ex. G, at 7-8). Again, this application is neither contrary to, nor an unreasonable application of federal law. Thus, an ineffective assistance claim is no ground for relief.

As to an actual claim of involuntariness, the appellate court reviewed the record and found that the issue was fully litigated at trial. *Id.* The court also noted that Johnson did not allege the use of any other coercive tactics to obtain the confession. *Id.* at 7. Johnson must show that such finding was unreasonable by clear and convincing evidence. This he does not do. Johnson's primary point is that he never signed the written waiver of rights. However, signing a waiver is not required to make a waiver effective. *See Berghuis v. Thompkins*, 130 S. Ct. 2250, 2262-64 (2010). Johnson cites one case to support his call for an evidentiary hearing on voluntariness, but that case is inapposite.[2] This court is unaware of any

---

[2] Johnson cites to *Jackson v. Denno*, 378 U.S. 368 (1964) for the proposition that an evidentiary hearing on voluntariness is required in state court. However, that case required such only where the state procedure for determining voluntariness left the question to the jury, allowing them to consider the confession in full, unlike states which leave it to the judge to "solely and finally determine the voluntariness" before admitting a confession into evidence. *Id.* at 376-80. Here, because it was a bench trial, the same Due Process concern as in *Jackson* is not raised. The judge came to a conclusion on voluntariness in deciding the verdict.

-8-

Supreme Court precedent which requires an evidentiary hearing in a case such as this. Thus, Johnson has failed to show the appellate court's factual determination of voluntariness was unreasonable, and that ruling, as well as the lack of a hearing, was not contrary to, or an unreasonable application of, federal law. Therefore, Johnson's third ground fails to justify relief.

## IV.   WAIVER OF JURY TRIAL

Johnson's next ground alleges that withholding mental health records of a prosecution witness led to an invalid jury waiver. (Pet'r's Br. in Supp. 11-20). His overarching argument is that, had the prosecution disclosed the mental health records, Johnson would not have chosen to waive a jury trial. The parties' first point of dispute is whether the claim was adjudicated on the merits in state court and thus deserving of the more deferential standard of review. Johnson's claim of invalid jury waiver was indeed adjudicated on the merits in his no-merit appeal. (Resp't's Answer Ex. G, at 3-4). However, his claim that he would not have waived the jury had he been in possession of the mental health records was not discussed at that time. On the other hand, both the circuit court and court of appeals discussed the mental health records issue in Johnson's motion for postconviction relief. (Resp't's Answer Ex. K, at App. 100-01; Ex. N, at 3-5). That motion, however, raised the mental health records issue in the context of seeking a new trial.

Johnson fails to assert a ground for relief here. The best guidance on how to define a "claim" for this purpose may be found in a Seventh Circuit case interpreting

28 U.S.C. § 2244 which governs finality of habeas corpus determinations. *Brannigan v. United States*, 249 F.3d 584 (7th Cir. 2001). In *Brannigan*, the court wrote that "it is essential to define the 'claim' as a challenge to a particular *step* in the case, such as the introduction of a given piece of evidence, the text of a given jury instruction, or the performance of counsel." *Id.* at 588 (emphasis in original). "If, for example, the defendant invokes the fourth amendment to protest the introduction of one item of evidence, a later contest to the same evidence based on the fifth or sixth amendment is just another iteration of the same claim." *Id.* The principle, as stated, is "that new legal arguments about the same events do not amount to a new claim." *Id.* "[I]t is the underlying events, rather than the legal arguments advanced to obtain relief from those events, that demarcate a 'claim.'" *Id.* Specifically, in *Brannigan* the court applied the principle to determine that separate complaints about differing elements of a sentencing calculation were in fact the same claim. *Id.* Each petition involved the same sentence and, in fact, used the same legal theory. *Id.*

Thus, under *Brannigan*'s conception of a claim, and by the language of § 2254(d), this claim has been adjudicated on the merits, despite Johnson's addition of a new argument. Johnson here charges that his waiver of a jury trial was invalid, the same event he challenged in his no-merit appeal. It matters not that his theory this time around is based on alleged withholding of evidence. Additionally, to the extent that Johnson's claim can be construed as simply challenging the withholding of evidence in general, that claim too was adjudicated on the merits in his

postconviction motion. Thus, this court will analyze both issues under the more deferential standard of review.

A defendant may waive the right to trial by jury. *U.S. v. Booker*, 543 U.S. 220, 276 (2005) (citing *Patton v. United States*, 281 U.S. 276, 312-13 (1930)). However, a waiver of a Constitutional right must be voluntary, knowing and intelligent, "done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). In the case at hand, the appellate court reviewed Johnson's waiver under Wisconsin case law requiring "knowing, intelligent and voluntary" waiver. (Resp't's Answer Ex. G, at 3-4). While the cited case had more particular requirements for satisfying the standard, the court sufficiently identified correct Supreme Court precedent,[3] and thus its decision to deny relief on waiver grounds was not contrary to federal law. Neither was the application unreasonable. The appellate court observed that Johnson conferred with counsel for roughly thirty minutes before waiving his right, and did so against his trial counsel's advice. *Id.* at 3. After conferring with counsel, the trial court advised Johnson of his right, what it meant, received Johnson's confirmation that he had not been subject to threats or promises in regard to the waiver, and confirmed his free and voluntary waiver. *Id.* The appellate court found no reason to invalidate the jury waiver, and such decision is not an unreasonable application of federal law.

---

[3]A state court need not explicitly identify the Supreme Court precedent in question. *Early v. Packer*, 537 U.S. 3, 8 (2002) (state decisions need not cite or even be aware of Supreme Court cases so long as neither reasoning, nor result contradicts).

To the extent Johnson's petition complains more generally of withholding evidence, the appellate court's affirmation of the decision to deny postconviction relief on this ground also survives review here. Prosecutorial suppression of evidence favorable to a defendant violates Due Process when the evidence is material to either guilt or punishment. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). The appellate court sufficiently applied such precedent in making its determination that the medical records did not support granting a new trial. The appellate court applied Wisconsin's manifest injustice standard, assuming the existence of all elements but the final "reasonable probability" that a trial would result in a different outcome. (Resp't's Answer Ex. N, at 4). In so determining, it implicitly applied a standard in line with the Supreme Court's materiality of evidence test in *Brady*. The appellate court found a "reasonable probability" lacking due to the sufficiency of the remaining evidence in convicting Johnson. *Id.* at 4-5. Thus, the decision was not contrary to federal law, as it applied correct Supreme Court precedent, and it was not an unreasonable application, as the sufficiency of all the other evidence reasonably supports a finding of immateriality of the evidence. Therefore, this court will deny Johnson relief on this ground.

## V.    INEFFECTIVE ASSISTANCE IN CHALLENGING IDENTIFICATIONS

Finally, Johnson challenges his trial counsel's failure to properly cross-examine two witnesses, Harris and Cooley, regarding their identification of Johnson. (Pet'r's Br. in Supp. 20-22). The appellate court adjudicated this claim on the merits

as well. The court identified the *Strickland* standard (Resp't's Answer Ex. G, at 5), and then determined that trial counsel's performance was not deficient. *Id.* at 5-6, 8. The court first noted that counsel is not ineffective if there is no error regarding in-court identification. The court then determined there was no error and, further, that trial counsel explored the issue on cross-examination. Further, the court observed that trial counsel also explored inconsistencies between Harris and Cooley's trial testimony and prior out-of-court identifications of Johnson. Thus, as the appellate court properly identified *Strickland*, its decision was not contrary to federal law, and its application was not unreasonable. Therefore, this court must deny this ground for relief.

The court has not found that any of the stated grounds are deserving of relief under §§ 2254 or 2243. Thus, the court will deny the petition, but in doing so it must determine whether to grant Johnson a certificate of appealability. A district court must either grant or deny a certificate of appealability when it enters a final order adverse to the applicant on a habeas petition. Rules Governing Section 2254 Proceedings in the United States District Courts, R. 11(a). A habeas petitioner who seeks to appeal an unfavorable decision must first obtain a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). However, a district court may only issue a certificate of appealability to a habeas petitioner if he makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). For the reasons discussed above, Grady fails to make a substantial showing of the

denial of his right to effective assistance of counsel and the court will deny him a certificate of appealability.

Accordingly,

**IT IS ORDERED** that Johnson's petition for a writ of habeas corpus (Docket #1) be and the same is hereby **DENIED** and the case is **DISMISSED with prejudice**. The court also **DENIES a certificate of appealability**.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of September, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge